### R. PLATT V. W. C. PHILIPS, ADMINISTRATOR, ETC.

1. P. recovered a personal judgment against T., as principal, and his sureties, and in the same action obtained a decree foreclosing a mortgage given by T. to secure the same debt. Order of sale issued on the decree of foreclosure, but no execution was then issued on the personal judgment. The sheriff sold the mortgaged property under the order of sale, and then, the proceeds being insufficient, attempted, without other process, to sell also certain city lots of one of the sureties, to make the balance of the money. *Held*, that this latter sale was a nullity, for the want of legal process empowering the sheriff to make it; and, therefore, the purchaser, on the one hand, was not bound to pay his bid, nor was the judgment creditor, on the other, entitled to the money, though paid by the purchaser to the sheriff.

2. After the sale, as above stated, the purchaser, ascertaining that he had obtained no title to the lots, obtained from the attorney of the plaintiff a transfer of the judgment, and caused execution to issue against all the defendants; and under it had the same lots levied on and sold, and again bid them off as purchaser ; but this time he paid no purchase-money, but procured a deed from the sheriff in consideration of the purchase-money previously paid by him on the void sale. That money had passed into the hands of the then attorney of record of the plaintiff in execution ; but not having been paid over by the attorney to the plaintiff, the latter, previous to the second sale, had notified the sheriff to pay no more of his funds to the attorney, and that he, the plaintiff, would look to him, the sheriff, for his money. After the second sale the plaintiff moved against the sheriff and his sureties for the amount of the purchaser's bid at the second sale, and for the statutory damages of ten per cent. per month. *Held*, that the sheriff and his sureties are liable for the money and legal interest, but not for the statutory damages.

3. Notification by a plaintiff in execution to a sheriff not to pay over money to the attorney of record, and that the plaintiff would look to the sheriff for the money, is not such a present demand of the money as will entitle the plaintiff to recover the damages allowed by Article 3781, Paschal's Digest.

4. The ten per cent. per month damages, fixed by Article 3781, Paschal's Digest, is only recoverable when there is such culpability or negligence by a sheriff as shows a wanton or dishonest motive in withholding payment of money collected under execution.

APPEAL from Travis. Tried below before the Hon. J. J. Thornton.

The material facts of the case are indicated in the opinion of the court and the head-notes.

Able arguments were filed in this court by the counsel of both parties, but they are addressed mostly to questions of fact. A rehearing was applied for, but not allowed.

*Chandler & Carleton*, and *J. B. Morris*, for the appellant.

*Hancock & West*, for the appellee.

WALKER, J. The facts in this case are peculiar. The appellee recovered a judgment as the administrator of O'Connell's estate, against W. J. Thompson as principal, Thomas Adams, John T. Graves, and Earnest Raven, as securities. The court ordered the sale of lots one and four in block forty-four, in the city of Austin, previously mortgaged by Thompson to secure the debt on which judgment was rendered.

Under this order of sale, which did not run against the property of Graves, the appellant, as Sheriff of Travis county, not only sold the mortgaged premises, but also attempted to sell several other city lots, the property of Graves, which lots were bid in by Adams, and it was claimed that the purchase-money was paid by Adams to the appellant.

There does not appear to be any controversy about the purchase-money for the mortgaged premises.

The sale of Graves's property was void, as the sheriff had no process on which to make it, but the sheriff, Adams, and Gray, who was the attorney of record, all appear to have acted under some mistake as to the condition in which the void sale placed both the property and the money arising from it.

The sale was a nullity. Adams was not bound to pay the purchase-money, nor had the appellee or his attorney any right to claim the money from the sheriff, if the purchaser saw fit to pay it over.

From some misunderstanding, probably of the law, but perhaps with the view of securing Adams in the money which he had paid, Gray, as the attorney of record of Philips, attempted to transfer the judgment to Adams. Adams, having paid the money to the sheriff, about four hundred and seventy dollars, the sheriff appears to have passed the money into the hands of Gray, and up to this time it does not appear to be denied that Gray was the attorney of record for Philips. But Philips could lay no claim to this money; it had not come legally to the hands of the sheriff, nor could it have come legally into the hands of Gray, as a consideration for the transfer of the judgment, for he, as the attorney of record, was not authorized to sell the judgment.

The property appears to have been subsequently sold by the appellant on a valid execution. Adams again became the purchaser, and by the mutual understanding of parties, the sheriff appears to have made a deed in consideration of the money previously paid to Gray. In this he evidently mistook his duty under the law; he should have insisted upon the payment of the purchase-money under the valid sale.

But had Gray continued to be the attorney of record of Philips until the valid sale was made, the law would have charged him with the money as trustee or attorney of Philips. But the evidence in the case establishes the fact, that before any valid sale of the Graves lots was made, Philips had notified the sheriff that Gray was no longer his attorney, and desired that no money should be paid into his hands. If the sheriff had paid the money to Gray subsequent to this notice, such payment would not have discharged him from liability to the judgment creditor.

Reasoning thus upon the law, we are irresistibly led to the conclusion that the appellant is liable to the appellee for the

money made upon the execution, and legal interest upon the same until it shall be paid.

But we are compelled to differ with his honor the district judge upon the question of penalties. We do not think it clear that a demand was made upon the appellant for this money, before the commencement of suit. It is true, the evidence of the witness Perry is to the effect that the appellant was notified that the appellee would look to him for the money; but this was not a present demand for the money.

The ten per cent. per month penalty, fixed by our statute, is only recoverable where there is such culpability or negligence as shows a wantonness or dishonest motive in withholding a payment, and we do not think the evidence in this case entitled the appellee to such a recovery.

The judgment of this court will therefore be (a jury having been waived below) that the appellee recover of the appellant the amount found due by the district judge, with legal interest, without penalty.

In this very complicated matter, we should perhaps do less than our whole duty without saying that, if the money was paid by Adams to Gray, in consideration of the transfer of Philips's judgment against Thompson and others, and was a matter not expressly sanctioned by Platt, such payment could not satisfy the purchase-money at the valid sale of the property, and the loss of the money, Gray having failed to account for it, might properly fall upon Adams, were that question made between him and Platt; but upon the facts before us in this record, we can have no doubt of the liability of the appellant, as already indicated in this opinion.

Reformed and rendered.